# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON L. BROOKS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-139-DRH |
| JACKSON COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Brandon L. Brooks, an inmate in the Menard Correctional Center, brings this action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Brooks was arrested on May 18, 2007 for aggravated battery. First, Brooks alleges that there was no evidence other than witness testimony regarding his possession of a firearm. Second, Brooks claims he now has proof that the victim and witness testimonies were coerced responses at the behest of the police, though he does not specify or even allude to what such evidence might be. Certain witness testimonies, he claims, contradicted his own statements and those of the expert witness who testified, though Brooks again gives no explanation. Furthermore, Brooks asserts that the judge at trial was biased and that his attorney advised him to take actions not in accordance with his own interests. Finally, Brooks explains that because of his paranoia which arose from the aforementioned conspiratorial circumstances, Brooks felt obligated to carry a weapon on his person, eventually leading to his present incarceration. In totality, Brooks argues that a conspiracy which took place within his trial and following conviction led to unlawful imprisonment and various forms of mental and physical suffering.

Brooks seeks to discredit the findings made against him in trial, yet he has not exhausted the available state remedies in pursuance of his claim. The law does not allow plaintiffs to collect damages or receive a new trial until the original trial has first been declared invalid through the proper legal channels.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the

> district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488. Brooks may challenge his conviction in a habeas corpus action pursuant to 28 U.S.C. § 2254, but only after he has presented all of his claims to the Illinois courts. Ordinarily, this will involve raising every issue at trial or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. Brooks has not taken the required steps to challenge his complaint and his conviction has not been invalidated, precluding any recovery he seeks under § 1983.

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Brooks is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). All pending motions are now **MOOT**.

    **IT IS SO ORDERED.**

    **DATED: June 16, 2009.**

    /s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**